## Susquehanna Township Education Association v. Susquehanna Township School District

*Thomas W. Scott*, for plaintiffs.
*William Fearen*, for defendant.

LIPSITT, *J.*, May 21, 1979—Before the court is a motion for summary judgment submitted by the Susquehanna Township Education Association on behalf of three professional employes of the township school district who have retired as Susquehanna Township teachers. The pleadings have been completed and several affidavits have been attached, making a summary judgment appropriate pursuant to Pa.R.C.P. 1035(b) which so provides if there is no genuine issue as to any material fact.

The only question for determination is whether or not payments required under a section of the subject collective bargaining agreement computed on the basis of accumulated unused sick leave constitute a "retirement allowance."

This action was instituted in assumpsit by the aforementioned association which is the legally certified bargaining agent for the professional employes of the school district. Since July 1, 1974, the relationship between the association and the school district has been governed by collective bargaining agreements negotiated under the terms of the Pennsylvania Public Employe Relations Act of July 23, 1970, P.L. 563, 43 P.S. §1101.101 et seq. Both the 1974-1976 contract and the 1977-1979 contract include the following provision in article IV, paragraph B, relating to payments to be made to retiring teachers:

"Upon retirement, any professional employee shall be entitled to be paid for unused sick leave subject to the following conditions: 1. The leave must have been accumulated by service in Susquehanna notwithstanding any rights conferred by state law to transfer accumulated sick leave. 2. No employee shall be entitled to be paid unless he has served Susquehanna Township School District for at least 10 years immediately prior to his retirement. 3. Accumulated sick leave shall be paid at the rate of $10 per day with the maximum of $1,000 for any employee. The benefits shall be added to the employee's salary for the last year of his employment with the district and shall be subject to withholding, retirement, and social security deductions and for all other purposes shall be considered a part of the employee's salary for that year."

On March 1, 1976, the Auditor General of the Commonwealth issued an opinion to the Director of the Bureau of School Audits stating the Public School Code did not authorize payments to be made to retiring school employes computed on the basis of accumulated sick leave. Because both the association and the school district were aware of the problem concerning the legality of payments to retired teachers based upon accumulated sick leave, it was agreed the payments required would be deposited in an interest-bearing account pending a resolution by the courts.

The Auditor General's opinion was challenged directly in Pennsylvania State Education Association v. Baldwin Whitehall School District, 30 Pa. Commonwealth Ct. 149, 372 A. 2d 960 (1977). Although the contract provision in Baldwin Whitehall read somewhat differently than that of Susque-

hanna Township, the matter involved was basically the same. On April 29, 1977, the Commonwealth Court, per Judge Blatt, declared in its order, at p. 159 that "a provision of a collective bargaining agreement which provides for the payment of a retirement allowance computed on the basis of accumulated unused sick leave to teachers does not violate the provisions of either the Public School Code of 1949 or the Public Employe Relations Act and is, therefore, valid."

Subsequent to the decision of the Commonwealth Court in Baldwin Whitehall, the Auditor General revised his opinion and his present position indicates that school districts have the legal authority to enter into collective bargaining agreements which permit accumulated unused sick leave to be used as a measure for establishing and paying a retirement allowance.

In the current situation, the association takes the position that the payment to be made to retiring teachers under the terms of the negotiated collective bargaining agreement is a "retirement allowance" of precisely the same kind as the retirement allowance which was found to be permissible in the Baldwin Whitehall decision. The Susquehanna Township School District would in all probability recognize the Commonwealth Court's decision as applicable and controlling except for the fact that in footnote 11 to the Commonwealth Court's opinion, at p. 158, it is said: "We do not express an opinion here as to whether or not a provision of a collective bargaining agreement which provided for payment to teachers for accumulated sick leave would be valid." The Susquehanna Township School District felt it was not proper to make payments under the

existing contract provision until the point had been judicially resolved.

When an analysis is made comparing the Susquehanna Township contract payment plan to that approved in the Baldwin Whitehall decision, there is no doubt the payment as provided in article IV-B of the Susquehanna Township contract is indeed a retirement allowance. The payment is a one time payment to be made only upon retirement, and the only way an employe can qualify for the additional compensation set forth in said Article IV-B is to retire from service in the district. The method of compiling the allowance under Baldwin Whitehall is exactly the same as under the Susquehanna Township contract and in both instances the maximum payment is limited by the contract.

The sole difference between the Baldwin Whitehall contract and the Susquehanna Township contract is the heading which is affixed to the contract provision. In the Baldwin Whitehall contract the retirement allowance is contained in article X which is entitled "Other Employee Benefits" and the specific subparagraph dealing with the allowance is entitled "Retirement Allowance." In the Susquehanna Township contract the subparagraph which contains the retirement allowance does not have any title and is contained in article IV which is entitled "Salary." These distinctions in titling are not controlling. Principles of construction are more significant and resort may be taken to the accepted rule that words of general import are limited by specific terms that immediately follow and relate to the same subject matter. See Pension Fund of the City of Pittsburgh Appeal, 239 Pa. Superior Ct. 111, 362 A. 2d 1011, 1016 (1976).

In view of the functional similarity of the retirement allowance set forth in the Baldwin Whitehall bargaining agreement sustained by the Commonwealth Court and the payments to be made under the Susquehanna Township collective bargaining agreement, disposition of this case may be made on the authority contained in the Baldwin Whitehall decision. The provisions of paragraph B of the aforementioned article IV clearly relate to payments which are to be made at the time of retirement and are easily recognized as a "retirement allowance" of exactly the same character as the designated retirement allowance which was upheld in the Baldwin Whitehall case.

While the potential import of footnote 11 cannot be overlooked, it should be noted the Commonwealth Court in its opinion stated, at p. 158, it was not dealing with a sick leave allowance but with a retirement allowance which "merely happens to be computed on the basis of accumulated sick leave."

Similarly, this case does not call upon the court to deal with a payment to teachers for accumulated sick leave. If that were the case, there would be no maximum payment nor would there be a requirement that the teacher retire. The Susquehanna Township payment, made at retirement, is a retirement allowance that also happens to be computed on the basis of accumulated sick leave.

In accordance with this discussion, we enter the following

ORDER

And now, May 21, 1979, the motion of plaintiffs, Susquehanna Township Education Association, an

unincorporated association, by William D. Sipe, president, trustee ad litem, George Gardner, Louise Harris and Claire Stoudt, for summary judgment is granted. It is ordered and directed that the Susquehanna Township School District pay retirement allowances computed in accord with the provisions of article IV-B of the collective bargaining agreements to all teachers of the district who have retired and who are eligible for payment. Said payments shall include interest from the date of retirement.